PER CURIAM.
Scottsdale Insurance Company appeals the entry of a partial summary judgment in favor of its insured, University at 107th Avenue, Inc., in which Scottsdale was ordered to submit to an appraisal. Scottsdale argues that University failed to provide the post-loss information required by the insurance policy. Scottsdale thus contends that the order referring this matter to appraisal was premature, until such time as Scottsdale received the information necessary for Scottsdale to evaluate University’s claim. Because Scottsdale had sufficient information upon which to evaluate University’s claim for damages, we affirm.
In 1999, University suffered hurricane damage and filed a claim for damages with Scottsdale. Scottsdale inspected University’s property and denied University’s claim because its independent adjuster estimated the damages well below University’s claim.
“[T]he nature of the post-loss obligations is merely to provide the insurer with an independent means by which to determine the amount of loss, as opposed to relying solely on the representations of the insured.” United States Fid. & Guar. Co. v. Romay, 744 So.2d 467, 471 n. 4 (Fla. 3d DCA 1999). It cannot be said in this case that the insurer did not have sufficient information from which to assess its insured’s claim.
Subsequent to January 24, 2000, the day on which Scottsdale first denied University’s claim, University provided Scottsdale with a Sworn Proof of Loss, and produced its corporate representative and sole shareholder for an examination under oath. Additionally, at the summary judgment hearing, Scottsdale’s counsel admitted that Scottsdale had obtained what *1017 “Scottsdale wanted post-loss and pre-suit during the course of the suit” and that “the documents that [Scottsdale] asked for post-loss and pre-suit [were] now in [their] possession through discovery.” There was, therefore, an exchange of “adequate information” from which Scottsdale could make a determination as to University’s loss. See Romay, 744 So.2d at 471.
Affirmed.